# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2016-CC-01093-COA

PATRICIA EKANEM                                                          APPELLANT

v.

GREENVILLE PUBLIC SCHOOL DISTRICT                          APPELLEE
BOARD OF TRUSTEES

DATE OF JUDGMENT:          06/28/2016
TRIAL JUDGE:               HON. MARIE WILSON
COURT FROM WHICH APPEALED: WASHINGTON COUNTY CHANCERY
                           COURT
ATTORNEY FOR APPELLANT:    BRYANT DONLEVY GUY
ATTORNEY FOR APPELLEE:     DORIAN E. TURNER
NATURE OF THE CASE:        CIVIL - OTHER
DISPOSITION:               AFFIRMED - 10/10/2017
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

> EN BANC.
>
> IRVING, P.J., FOR THE COURT:

¶1.     The superintendent of the Greenville Public School District (District) recommended the nonrenewal of the employment contract for the 2014-2015 school year of Weddington Math, Science, and Technology Academy teacher, Patricia Ekanem. The Greenville Public School District Board of Trustees (Board) conducted a hearing and upheld the superintendent's recommendation, effectively terminating Ekanem's employment. Ekanem filed a petition with the Washington County Chancery Court for judicial review of the Board's decision. The court affirmed the Board's decision, and Ekanem appealed. We affirm.

FACTS

¶2. Ekanem obtained her teaching certificate in 1997. She taught at various elementary schools in the District, including Akin Elementary School, Webb Elementary School, Darling Achievement Center, and Weddington. Over the course of her employment at these schools, Ekanem was placed on four different improvement plans[1] under three different principals.

¶3. Ekanem taught first grade at Weddington during the 2011-2012, 2012-2013, and 2013-2014 school years. During that time period, she was placed on two improvement plans, which targeted multiple areas for improvement. However, the Weddington principal testified before the Board that Ekanem did not show significant improvement as a result of having been placed on these plans. Further, the overall performance of the students in her class during the 2013-2014 school year did not meet the District's benchmarks.

DISCUSSION

¶4. This Court's review of a decision by a chancery or circuit court concerning an agency action invokes the same standard of review that trial courts are bound to follow. *Giles v. Shaw Sch. Dist.*, 203 So. 3d 1165, 1169 (¶12) (Miss. Ct. App. 2016). Mississippi Code Annotated section 37-9-113(3) (Rev. 2013) provides the following standard of review for a school board's decision not to renew an employee's contract:

---

[1] Weddington's principal testified during the hearing before the Board that an "improvement plan" is essentially a set of procedures assigned to a teacher whose evaluations show that he or she needs improvement in certain areas; the plan includes a timeline by which the procedures are supposed to have been implemented.

The scope of review of the chancery court in such cases shall be limited to a review of the record made before the school board or hearing officer to determine if the action of the school board is unlawful for the reason that it was:

(a) Not supported by any substantial evidence;

(b) Arbitrary or capricious; or

(c) In violation of some statutory or constitutional right of the employee.

¶5. Ekanem argues that the chancery court erred in upholding the Board's decision because that decision was not supported by substantial evidence and was arbitrary or capricious. "Substantial evidence means more than a scintilla or a suspicion." *Giles*, 203 So. 3d at 1169 (¶13) (citation omitted). "The terms 'arbitrary' and 'capricious' imply a lack of understanding of or a disregard for the surrounding facts and settled controlling principles." *Id*. (citation omitted). "We deem an act arbitrary when it occurs not according to reason or judgment, but occurs based on the will alone." *Id*. (citation omitted). "If the reasons for non[]renewal are a sham, or are a retaliation for the employee's constitutionally protected activity, the Board acts arbitrarily and capriciously." *Id*. (citation omitted).

¶6. Here, the record contains evidence of multiple areas where Ekanem performed deficiently. Ekanem was twice placed on improvement plans while at Weddington. The record reflects that the Weddington principal sent Ekanem multiple letters pointing out her failure to follow the plans and instructing her that further action would be required if she did not improve her instructional skills. Weddington's principal also testified at the hearing

3

before the Board that Ekanem did not successfully complete the plans. Further, the record contains several letters reprimanding Ekanem for behavior, such as using corporal punishment to discipline a student and not beginning her class's school day on time. She accrued almost thirty absences and was reproached for frequent tardiness. Additionally, the record contains several notes from students who attest to having overheard Ekanem use curse words when referring to another teacher. Finally, Ekanem's students performed below the District's expectations in several areas.

¶7. In her brief, Ekanem asserts that she had received favorable reviews and evaluations in the past, but that they had been removed from her file. Ekanem also maintains that her performance scores were the "third highest" among the five first-grade teachers. Ekanem argues that her absences were due to a back injury she had suffered while teaching at Webb Elementary, which had become re-inflamed upon her transfer to Weddington. Additionally, Ekanem contends that she was singled out and picked on by Weddington's principal. Ekanem also argues that she was given the other teachers' worst students, and that while the principal often videotaped her class, he did not use the tapes in an instructional manner to assist her with improvement.

¶8. The record contains substantial evidence that Ekanem was underperforming and failed to comply with plans designed to improve her instructional skills. Therefore, the Board's actions were not arbitrary or capricious, and there is no evidence to suggest that its decision was in violation of any statutory or constitutional right of Ekanem. As such, we affirm the

4

chancellor's judgment.

¶9. **AFFIRMED.**

**LEE, C.J., GRIFFIS, P.J., BARNES, CARLTON, FAIR, WILSON, GREENLEE AND WESTBROOKS, JJ., CONCUR.**